1

2          IN THE UNITED STATES DISTRICT COURT

3          FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6

7

8

9

10

11   DON A. WATSON,

12          Plaintiff,                    CV F 04 5420 REC WMW P

13      vs.                               ORDER DISMISSING COMPLAINT
                                          WITH LEAVE TO AMEND
14

15   BOARD OF PRISON TERMS,

16          Defendant.

17

18

19          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

20   U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28

21   U.S.C. § 636(b)(1).

22          This action proceeds on the original  complaint.  Plaintiff, an inmate in the

23   custody of the California Department of Corrections at Avenal State Prison, brings this civil

24   rights action against defendant California Board of Prison Terms.

25          Plaintiff's sole claim in this complaint is that defendant Board has failed to apply

26

1

1    statutory sentence reduction credits, thereby reducing plaintiff's term of imprisonment.  Plaintiff

2    seeks monetary damages for wrongful imprisonment and "a writ of prohibition against

3    respondents and mandate that they comply to California law."

4            When a prisoner challenges the legality or duration of his custody, or raises a

5    constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a

6    writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d

7    874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an

8    allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the

9    conviction or sentence has been reversed on direct appeal, expunged by executive order,

10   declared invalid by a state tribunal authorized to make such determination, or called into

11   question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck v.

12   Humphrey, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a

13   conviction or sentence that has not been so invalidated is not cognizable under § 1983."  Id. at

14   488.

15           In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme

16   Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison

17   disciplinary hearings.  In Heck, the Court held that a state prisoner's claim for damages for

18   unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a

19   judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or

20   sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been

21   invalidated.  512 U.S. at 487.  In applying the principle to the facts of Balisok, the Court held

22   that a claim challenging the procedures used in a prison disciplinary hearing, even if such a

23   claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature

24   of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the

25   result of the prison disciplinary hearing.  520 U.S. at 646.  Because such a challenge, if

26

1   successful, would invalidate the duration of the inmate's confinement, it is properly brought as a

2   habeas corpus petition and not under § 1983.  Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411

3   U.S. 475, 500 (1973).   The Ninth Circuit has applied the Balisok rule to a case in which a

4   prisoner sought damages based on allegations that prison officials relied on false information to

5   find him ineligible for parole.  Butterfield v. Bail, 120 F.3d 1023 (9th Cir. 1997).  Because the

6   claim necessarily implied the invalidity of the plaintiff's continued confinement, it could not

7   accrue until the conviction or sentence had been invalidated. Id.

8            Plaintiff may not bring an action for damages until such time as the underlying

9   sentence has been invalidated.   If plaintiff wishes to challenge his conviction and/or custody

10  duration, he must do so via a petition for writ of habeas corpus.    Where the complaint states a

11  habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for

12  failure to exhaust, rather than converting it to a habeas and addressing it on the merits.  See

13  Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d

14  583, 586 (9th Cir. 1995).  Where the complaint alleges claims that sound in habeas and claims

15  that do not, the court should allow the non-habeas claims to proceed.  See Ybarra v. Reno

16  Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir. 1984).

17           Accordingly, any habeas claims should be dismissed.   Any claim for damages for

18  wrongful parole determination do not accrue until such time as the sentence has been

19  invalidated.  The complaint must therefore be dismissed.   The court will provide plaintiff with

20  an opportunity to file an amended complaint that cures the noted defect - an amended complaint

21  that alleges that the sentence has been invalidated.  Should plaintiff fail to do so, the court will

22  recommend dismissal of this action without prejudice to the filing of a habeas petition.

23           In accordance with the above, IT IS HEREBY ORDERED that:

24           1. Plaintiff's complaint is dismissed; and

25           2. Plaintiff is granted thirty days from the date of service of this order to file a

26

1  first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

2  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

3  docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff

4  must file an original and two copies of the amended complaint; failure to file an amended

5  complaint in accordance with this order will result in a recommendation that this action be

6  dismissed.

7

8  IT IS SO ORDERED.

9  **Dated:    May 27, 2005**                          _____/s/  **William M. Wunderlich**_____
   mmkd34                                        UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4